IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: ) | |
| Almaria H. Wheeler ) | Case No.: 10-24638GLT |
| ) | Chapter 13 |
| Debtor ) | |
| _____ ) | |
| Ronda J. Winnecour, Chapter 13 ) | Related Doc.: 160 |
| Trustee, ) | |
| Movants, ) | Hearing Date: 1-8-2017 |
| ) | Response due: 12-27-2016 |
| Vs. ) | |
| US Bank, N.A. successor trustee to ) | |
| LaSalle Bank National Association, on ) | |
| Behalf of the holders of Bear Stearns ) | |
| Asset Backed Securities I Trust 2004- ) | |
| HE11. Asset-Backed Certificates Series ) | |
| 2004-HE11 ) | |
| Respondent(s) ) | |

## TRUSTEE'S REPLY TO RESPONSE TO NOTICE OF FINAL CURE PAYMENT

Ronda J. Winnecour, Standing Chapter 13 Trustee for the Western District of Pennsylvania, by her undersigned counsel, respectfully represents the following:

1. On 11-14-16, the Trustee's Notice of Final Cure as to the mortgage claim of US Bank NA (Claim 9-2) was filed, showing that the debtors' post-petition mortgage payments were paid by the Trustee through July 2016, and that the first payment due directly from the debtors was the payment due 8-1-2016.

2. On 12-5-2016, US Bank NA filed its response to the Trustee's Notice of Final Cure, asserting "Creditor states that the debtor(s) are not current on all postpetition payments consistent with § 1322(b)(5) of the Bankruptcy Code, including all fees, charges, expenses, escrow, and costs."  The Response alleges $2,840.57 as "Total postpetition ongoing payments due."

3. The Trustee disbursed $30,603.81 on this claim for postpetition mortgage payments, implementing payment changes of record as follows:

*30603.81*
| *Payment* | *months* | *subtotal* | *begin* | *end* |
|---|---|---|---|---|
| *554.3* | *1* | *554.3* | *5/1/2011* | *6/1/2011* |
| *472.46* | *53* | *25040.38* | *6/1/2011* | *10/1/2015* |
| *558.01* | *1* | *558.01* | *10/1/2015* | *12/1/2015* |
| *556.39* | *8* | *4451.12* | *12/1/2015* | *7/1/2016* |

4. The Response acknowledges that that the debtors payments through 6-1-16 have been received, in that the Response avers that the debtors are contractually due for the "postpetition payments " that first became due on 7-01-2016.

5. The Trustee's records indicate that the next contractual due date for which the debtor should have made a payment was 8-01-2016.

6. The total alleged to remain owing in the Response equal six monthly payments of $556.39. The creditor is thus indicating that it is referencing payments due directly from the debtor.

7. The Trustee's Notice was filed pursuant to Rule 3002.1(f) of the Federal Rules of Bankruptcy Procedure:

"(f) NOTICE OF FINAL CURE PAYMENT. Within 30 days after the debtor completes all payments under the plan, the trustee shall file and serve on the holder of the claim, the debtor, and debtor's counsel a notice stating that the debtor has paid in full the amount required to cure any default on the claim. The notice shall also inform the holder of its obligation to file and serve a response under subdivision (g). If the debtor contends that final cure payment has been made and all plan payments have been completed, and the trustee does not timely file and serve the notice required by this subdivision, the debtor may file and serve the notice."

8. US Bank NA's Response is required by Rule 3002.1(g):

"(g) RESPONSE TO NOTICE OF FINAL CURE PAYMENT. Within 21 days after service of the notice under subdivision (f) of this rule, the holder shall file and serve on the debtor, debtor's counsel, and the trustee a statement indicating (1) whether it agrees that the debtor has paid in full the amount required to cure the default on the claim, and (2) whether the debtor is otherwise current on all payments _consistent with § 1322(b)(5) of the Code_. The statement shall itemize the required cure or postpetition amounts, if any, that the holder contends remain unpaid as of the date of the statement. The statement shall be filed as a supplement to the holder's proof of claim and is not subject to Rule 3001(f)." [Emphasis added]

9. US Bank NA's "Response" is not responsive to the issue referenced in Rule 3002.1(g), in that the Response refers to payments which came due after the date for which the Trustee's Section 1322(b)(5) cure and reinstatement payments were completed.

10.     The facts averred in the Response in no way demonstrate a basis for disagreement with the facts contained in the Trustee's notice, while the response fails to acknowledge agreement.

11.     US Bank NA is not entitled to add any fees or charges to the debtors' account for the filing of its Response, nor for attending a hearing in connection with this matter, since the Response is inaccurate with respect the to the cure and reinstatement under 11 USC § 1322(b)(5).

WHEREFORE, the Chapter 13 Trustee requests that the Court:

A. Determine that the debtors have cured the default and paid all required post-petition amounts necessary to cure and reinstate the mortgage through the final month for which cure and reinstatement payments were made in the chapter 13 plan term, namely July 2016 as to Claim No. 9-2;

B. Prohibit US Bank NA from adding any fees or other charges to the debtors' account for the filing of its Response or for attending a hearing in connection with the same;

C. Order US Bank NA to file a complete loan history for the debtors' account, including a precise loan payoff amount as of July 31, 2016

RONDA J. WINNECOUR,
CHAPTER 13 TRUSTEE

12-27-2016                         by  /s/ Richard J. Bedford_____
Date                                   Richard J. Bedford, PA I.D. 25069
                                       Attorney for Chapter 13 Trustee
                                       US Steel Tower – Suite 3250
                                       600 Grant St.
                                       Pittsburgh  PA  15219
                                       (412) 471-5566
                                       rbedford@chapter13trusteewdpa.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | |
| Almaria H. Wheeler | ) | Case No.: 10-24638GLT |
| | ) | Chapter 13 |
| Debtor | ) | |
| _____ | ) | |
| Ronda J. Winnecour, Chapter 13 | ) | Related Doc.: 160 |
| Trustee, | ) | |
| Movants, | ) | Hearing Date: 1-8-2017 |
| | ) | Response due: 12-27-2016 |
| Vs. | ) | |
| US Bank, N.A. successor trustee to | ) | |
| LaSalle Bank National Association, on | ) | |
| Behalf of the holders of Bear Stearns | ) | |
| Asset Backed Securities I Trust 2004- | ) | |
| HE11. Asset-Backed Certificates Series | ) | |
| 2004-HE11 | ) | |
| Respondent(s) | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on the date shown below, I served a true and correct copy of the foregoing pleading upon the following, by regular United States mail, postage prepaid:

Almaria H. Wheeler
1335 Laketon Road
Wilkensburg, PA  15221

Franklin L. Robinson, Jr., Esquire
5907 Penn Avenue, Suite 212
Pittsburgh, PA  15206

James C. Warmbrodt, Esquire
KML Law Group P.C.
701 Market Street, Suite 5000
Philadelphia, PA  19106

Joseph S. Sisca, Esquire
Assistant U.S. Trustee
1001 Liberty Avenue, Suite 970
Pittsburgh, PA  15222


Dec. 27, 2016                    S/ Amy T. Sabedra
Date                             Administrative Assistant
                                 Office of the Chapter 13 Trustee
                                 US Steel Tower – Suite 3250

600 Grant Street
Pittsburgh, PA  15219
412) 471-5566
cmecf@chapter13trusteewdpa.com